[No. 8345–7–I. Division One. June 15, 1981.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY MICHAEL SALTARELLI, *Appellant.*

*Lewis Nomura* of *Seattle–King County Public Defender Association*, for appellant.

*Norm Maleng, Prosecuting Attorney,* and *James Tru-*

*jillo, Deputy,* for respondent.

ANDERSEN, J.—

## FACTS OF CASE

The defendant, Anthony Michael Saltarelli, appeals his conviction of second degree rape in a case characterized by the prosecuting attorney as a "date and rape" case.

The defendant met the victim, a cashier at a Safeway store, during frequent visits to the store in the spring and early summer of 1979. The two became friendly and saw each other socially a few times and had at least one prearranged date on July 4, 1979. According to the victim, the two were never intimate on these occasions. Soon thereafter, the victim told the defendant she did not want to see him any more.

On July 25, 1979, the victim was ill and intended to leave work early but did not have a ride home. The defendant came into the store and offered to take her home in his van. Instead he took her to a secluded area where he played obscene tapes and, according to the victim, he then threatened her with a knife and a gun and raped her. After the rape, the victim escaped from the van at an intersection and a passing motorist took her to a store where she called the police.

The defendant was apprehended by police several days later when he arranged to meet the victim at a restaurant. A loaded gun was found hidden beneath bandages that he had wrapped around his arm. The obscene tapes and a knife also were seized from the van. The defendant was charged with first degree rape while armed with a deadly weapon.

Over the defendant's objection, the State in its direct case was permitted to call another young woman who testified to a similar encounter with the defendant in 1975,

wherein he attempted to rape her. She testified that she did not prosecute because the defendant threatened to "get her" if she did.

With respect to that young woman's testimony, the trial court instructed the jury as follows:

Anthony Michael Saltarelli is not on trial for any act or conduct not alleged in the information. Any testimony received by you regarding prior acts by the defendant is not to be used in determining whether the defendant is guilty or not guilty of the offense now charged. You are instructed that such evidence is to be used only insofar as it reflects upon the defendant's motives or intent.

Instruction No. 12. No exception was taken to this instruction or to any of the trial court's instructions, therefore, they became the law of the case. *State v. Leohner,* 69 Wn.2d 131, 134, 417 P.2d 368 (1966).

At trial, the defendant took the stand. He admitted he had told the victim a number of lies including his name and marital status. He had also told the police that he was not with the victim on the night in question. It was the defendant's testimony that the victim consented to sexual relations with him but afterwards when he told her he loved someone else, she became upset, jumped out of the van and ran. According to the defendant, the two had been intimate previously.

The jury found the defendant guilty of the lesser included offense of rape in the second degree. It returned no finding as to the use of a deadly weapon.

One issue is presented on appeal.

### ISSUE

Did the trial court abuse its discretion by admitting, over defense objection, testimony of an attempted rape of another woman by the defendant 4½ years previously?

### DECISION

CONCLUSION. Evidence of a prior attempted rape of another woman that occurred under similar circumstances to the rape with which the defendant was on trial was

admissible under ER 404(b) to show the defendant's motive and intent.

In *State v. Bell,* 10 Wn. App. 957, 961, 521 P.2d 70 (1974), we summarized the law of this state relative to the admissibility of evidence of other offenses in a criminal case:

> The general rule is that evidence of prior criminal misconduct ordinarily is irrelevant and therefore inadmissible to prove the crime charged. Nevertheless, evidence of such prior misconduct may be relevant and hence admissible to show motive, intent, absence of accident or mistake, a common scheme or plan, identity. *State v. Goebel,* 40 Wn.2d 18, 21, 240 P.2d 251 (1952), after noting this list of exceptions to the general rule, states:
>> This list of exceptions is not necessarily exclusive, the true test being whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged.
>
> *Accord, State v. Hames,* 74 Wn.2d 721, 446 P.2d 344 (1968); *State v. Americk,* 42 Wn.2d 504, 256 P.2d 278 (1953); *State v. Messinger,* 8 Wn. App. 829, 509 P.2d 382 (1973). If the evidence has slight relevancy, it may be excluded
>> when the trial court is convinced that its effect would be to generate heat instead of diffusing light, or, . . . where the minute peg of relevancy will be entirely obscured by the dirty linen hung upon it. This is a situation where the policy of protecting a defendant from undue prejudice conflicts with the rule of logical relevance, and a proper determination as to which should prevail rests in the sound discretion of the trial court,
>> . . .
>
> *State v. Goebel,* 36 Wn.2d 367, 379, 218 P.2d 300 (1950). *Accord, State v. Messinger, supra; State v. Portrey,* 6 Wn. App. 380, 492 P.2d 1050 (1972).

The defendant argues that our disposition of this case should be governed by *State v. Irving,* 24 Wn. App. 370, 601 P.2d 954 (1979), decided by Division Two of this court. In *Irving,* evidence that the defendant attempted to rape another woman 5 years before was admitted into evidence in a rape prosecution. Based on that testimony, the court reversed the defendant's conviction of second degree rape.

In that case the trial court admitted evidence of the prior occurrence to show a "common scheme, plan or method" and so instructed the jury. In this case, however, the evidence of the prior occurrence was admitted insofar as it reflected upon the defendant's "motives or intent". Therefore, that holding of *Irving* is not in point.

The court in *Irving* also went on to hold, however:

> The dictum in *Goebel* [*State v. Goebel*, 40 Wn.2d 18, 240 P.2d 251 (1952)] appears to place this state among the majority of jurisdictions and the better reasoned decisions which hold that, when rape is the crime charged, detailed evidence of the defendant's forceful rape or attempted rape of another woman on a prior occasion is inadmissible as substantive evidence to corroborate the prosecutrix's claims of defendant's use of force and her lack of consent.

*State v. Irving, supra* at 376. To the extent that this suggests a blanket rule of nonadmissibility, we disagree that *Irving* states the majority rule.

The trial in *Irving* occurred before adoption of the Washington Rules of Evidence (ER). ER 404(b) reads:

> **Other Crimes, Wrongs, or Acts.** Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

91 Wn.2d 1117, 1133 (effective April 2, 1979). *See also* ER 403. Although the list of so–called "exceptions" to the general rule of nonadmissibility are phrased somewhat differently in ER 404(b) than in *State v. Goebel*, 40 Wn.2d 18, 21, 240 P.2d 251 (1952), the rule remains substantially the same. *See* Comment, ER 404(b), 91 Wn.2d 1117, 1133–34. Nevertheless, the focus now is on the language of the rule.

The Supreme Court of Wyoming in a recent case construing the Wyoming rule of evidence which is identical to this state's ER 404(b) stated what we believe is the majority rule:

Our analysis of cases from other jurisdictions leads to the conclusion that in recent years a preponderance of the courts have sustained the admissibility of the testimony of third persons as to prior or subsequent similar crimes, wrongs or acts in cases involving sexual offenses. Among the grounds relied upon for the admissibility of such evidence is that it is admissible to show motive or to show plan, with various phrases being used by the courts to describe those concepts.

*Elliott v. State,* 600 P.2d 1044, 1047–48 (Wyo. 1979). *See* Annot., *Admissibility, in Prosecution for Sexual Offense, of Evidence of Other Similar Offenses,* 77 A.L.R.2d 841 (1961).

Moreover, several of the cases from other jurisdictions relied upon by *Irving* for what it stated to be the majority rule were later overruled or distinguished by the highest court of those jurisdictions. *Alford v. State,* 223 Ark. 330, 266 S.W.2d 804 (1954) was distinguished in *Umbaugh v. State,* 250 Ark. 50, 463 S.W.2d 634, 636 (1971), a case similar to the case at bar. *Larkins v. State,* 230 Ga. 418, 197 S.E.2d 367 (1973) was overruled in *Hunt v. State,* 233 Ga. 329, 211 S.E.2d 288 (1974). *Meeks v. State,* 249 Ind. 659, 234 N.E.2d 629 (1968) was expressly not followed in *Austin v. State,* 262 Ind. 529, 319 N.E.2d 130 (1974), *cert. denied,* 421 U.S. 1012, 44 L. Ed. 2d 680, 95 S. Ct. 2417 (1975). *Jackel v. State,* 506 S.W.2d 229 (Tex. Crim. App. 1974) was overruled in *Rubio v. State,* 607 S.W.2d 498 (Tex. Crim. App. 1980).

Therefore, we disagree with *Irving* to the extent it suggests a blanket rule of nonadmissibility in cases such as this one and we do not adopt that aspect of *Irving* here.

The facts surrounding the rape in the present case and the attempted rape in the earlier occurrence persuade us that the conduct described was sufficiently similar to pass the test of relevancy under ER 404(b). In both, the victims were clerks in retail stores. In both, the defendant was a customer and kept returning to the respective stores where he asked the victims to go out with him. Then on a date with each victim, the defendant first bragged of his physical

prowess as a karate expert and then raped or attempted to rape the victim. The defendant then threatened "to get" each victim if she complained to the police. This testimony was relevant to show the defendant's motive. *See State v. Thompson,* 58 Wn.2d 598, 364 P.2d 527 (1961), *cert. denied,* 370 U.S. 945, 8 L. Ed. 2d 811, 82 S. Ct. 1590 (1962); *State v. Bloomstrom,* 12 Wn. App. 416, 529 P.2d 1124 (1974); *State v. Stirgus,* 21 Wn. App. 627, 586 P.2d 532 (1978); *Elliott v. State, supra* at 1048.

■■ The defendant also argues that since motive and intent were not elements of the crime charged in this case, the testimony was for that reason not admissible. Motive is not an element of any crime but evidence showing it may be admissible under ER 404(b) in a proper case. Similarly, although specific intent is not at issue here as, for example, it would be in a case involving assault with intent to rape, the issue of a general criminal intent is present in rape cases. *See* 2 J. Wigmore, *Evidence* § 302 (3d ed. 1940). *See also State v. Hennings,* 3 Wn. App. 483, 489, 475 P.2d 926 (1970). In any event, in the present case the court did instruct the jury on intent, therefore, that issue was specifically in this case.[1] *See State v. Leohner,* 69 Wn.2d 131, 417 P.2d 368 (1966).

■ The defendant also argues that the prior act being 4½ years before was, as a matter of law, too remote in time to be admissible. The time limits over which the evidence may range must depend largely on the circumstances of each case and should be left to the informed discretion of the trial court. *State v. Thorne,* 43 Wn.2d 47, 61, 260 P.2d 331 (1953), quoting with approval from 2 J. Wigmore, *Evidence* § 399, at 367 (3d ed. 1940). Similar happenings occurring 3 years before the crimes charged were held admissible in *State v. Morgan,* 146 Wash. 109, 261 P. 777 (1927) and 4 years before in *State v. Harold,* 45 Wn.2d 505, 275 P.2d 895 (1954), the court in each case holding that the

---

[1] "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime." Instruction No. 11.

remoteness in time affected the weight of the testimony, not its admissibility. That is true in this case as well.

In the final analysis, the balancing of the relevancy of the evidence of the prior offense against its harmful effect upon the accused in this case was a matter peculiarly within the informed discretion of the trial court. ER 403; *State v. Johnson,* 56 Wn.2d 700, 708, 355 P.2d 13 (1960), *cert. denied,* 366 U.S. 934, 6 L. Ed. 2d 846, 81 S. Ct. 1658 (1961); *State v. Stationak,* 1 Wn. App. 558, 564, 463 P.2d 260 (1969). Here the trial court was well aware of the import and implications of the testimony concerning the prior offense. The record clearly reflects the care with which the court considered the issue and the authorities presented by respective counsel prior to concluding that the evidence should be admitted. The testimony was probative on the contested issue of consent. It was admitted only insofar as it reflected on the defendant's motive and intent and an instruction (to which the defendant took no exception) was given to the jury to that effect.

■ Judicial discretion has not been abused unless the reviewing court can find that no reasonable person would take the view adopted by the trial court. *State v. Huelett,* 92 Wn.2d 967, 969, 603 P.2d 1258 (1979); *State v. Jones,* 26 Wn. App. 551, 553, 614 P.2d 190 (1980). We conclude that the trial court did not abuse its discretion in admitting the questioned testimony.

Affirmed.

SWANSON and CALLOW, JJ., concur.

Reconsideration denied January 13, 1982.

Review by Supreme Court pending March 1, 1982.