[No. 48457–1.   En Banc.   December 16, 1982.]

THE STATE OF WASHINGTON, *Respondent,* v. ANTHONY MICHAEL SALTARELLI, *Petitioner.*

*Rosemary P. Bordlemay* of *Seattle–King County Public Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *James A. Trujillo, Deputy,* for respondent.

PEARSON, J.—Defendant appeals his conviction of second degree rape. At his trial, he did not deny having intercourse with the victim, but maintained that she consented. The issue he presents on appeal is whether evidence of a prior attempted rape of another woman 4½ years previously was properly admitted to show his motive or intent to rape. We hold that it was not.

Defendant was charged with rape in the first degree. The victim testified as follows. She became acquainted with defendant at a Safeway store, where she worked as a checker and where defendant was a regular customer. The

victim had met defendant socially two or three times in the summer of 1979, but did not have intercourse with him on these occasions. On July 25, 1979, defendant asked the victim to accompany him to dinner after she finished work. She declined, complaining of a fever, but permitted defendant to drive her home in his van. Defendant stopped the van on a private beach road, forced the victim onto a bed in the back of the van and threatened her with a knife and a small handgun. He forced her to undress and had intercourse with her. Defendant drove on after he saw a police car slow down and pass by. The victim partially dressed herself and escaped from the van when it was stopped at an intersection. A passing motorist took her to a store, where she reported to the police that she had been raped by a man using a knife and gun.

Defendant disputed the victim's account of the incident. He testified that he had sexual intercourse with her three times prior to the incident of July 25. He admitted to having intercourse with her on July 25, but claimed that she consented. Thereafter, the victim became upset and jumped out of his van when he told her that he loved someone else.

Over defendant's objection, the State in its case in chief was permitted to call another young woman, who testified to an encounter with defendant in 1975. This young woman had met defendant while working in a K Mart store, and after one date accepted an invitation to dinner at his apartment. She testified that defendant forced her into his bedroom and attempted to remove her clothes. She fled to the bathroom and subsequently escaped. She testified that she did not prosecute because defendant had threatened to harm her if she did. The jury was instructed that this evidence was to be considered "only insofar as it reflects upon the defendant's motives or intent."

The jury returned a finding of guilty to second degree rape, and defendant received a 10–year suspended sentence. He appealed his conviction on the grounds that the trial court had abused its discretion in admitting, over

defendant's objection, testimony of the 1975 assault. The Court of Appeals affirmed the conviction, holding that the testimony was properly admitted to show motive or intent. *State v. Saltarelli*, 29 Wn. App. 565, 629 P.2d 1344 (1981). We disagree with the Court of Appeals, reverse the conviction, and remand for retrial.

■■ The admissibility of evidence of the prior assault is governed by ER 404(b).

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident.

ER 404(b) is only the starting point for an inquiry into the admissibility of evidence of other crimes; it should not be read in isolation, but in conjunction with other Rules of Evidence, in particular ER 402 and 403. ER 402 provides that evidence which is not relevant is not admissible. Relevant evidence is defined in ER 401 as

> evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.

ER 403 provides that relevant evidence may be excluded if its probative value is substantially outweighed by, among other things, the danger of unfair prejudice. The applicability of this rule to evidence admitted under ER 404(b) is emphasized in the Comment to ER 404(b).

> The court must determine whether the danger of undue prejudice outweighs the probative value of the evidence, in view of the availability of other means of proof and other factors. Slough & Knightly, *Other Vices, Other Crimes*, 41 Iowa L. Rev. 325 (1956). Previous Washington law is in accord. *See State v. Whalon,* 1 Wn. App. 785, 464 P.2d 730 (1970).

Therefore, in deciding whether evidence of prior crimes, wrongs, or acts is admissible, the court must consider the relevance of that evidence. In order to do this, it must

decide whether the evidence makes the existence of any fact that is of consequence to the determination of the action more or less probable. ER 402. If the evidence is determined to be relevant, then its probative value must be balanced against its prejudicial effect. ER 403. In no case, however, regardless of its relevance or probativeness, may the evidence be admitted to prove the character of the accused in order to show that he acted in conformity therewith. ER 404(b).

As the comment to the rules points out, prior Washington law is in accord. This court has held that evidence of prior crimes, wrongs, or acts must be closely scrutinized and admitted only if it meets two distinct criteria. First, the evidence must be shown to be logically relevant to a material issue before the jury. We have expressed the test as "whether the evidence as to other offenses is relevant and necessary to prove an essential ingredient of the crime charged." *State v. Goebel,* 40 Wn.2d 18, 21, 240 P.2d 251 (1952). Second, if the evidence is relevant, its probative value must be shown to outweigh its potential for prejudice. *See State v. Goebel,* 36 Wn.2d 367, 218 P.2d 300 (1950); *State v. Whalon,* 1 Wn. App. 785, 464 P.2d 730 (1970). If the evidence is admitted, an explanation should be made to the jury of the purpose for which it is admitted, and the court should give a cautionary instruction that it is to be considered for no other purpose or purposes. *State v. Goebel,* 36 Wn.2d at 378–79.

These decisions and the Rules of Evidence therefore require the court to establish the relevance of similar fact evidence. In doing so, the court must identify the purpose for which the evidence is to be admitted. The purpose will be to establish a fact similar to those listed in ER 404(b). The relationship of the evidence to the identified fact must be analyzed according to ER 401. This has two aspects. First, the identified fact, for which the evidence is to be admitted, must be of consequence to the outcome of the action. The evidence should not be admitted to show intent, for example, if intent is of no consequence to the

outcome of the action. Second, the evidence must tend to make the existence of the identified fact more or less probable. Only after the court has concluded, by consideration of both aspects, that the evidence is relevant, can it appropriately balance the probative value against the prejudicial effect under ER 403.

A careful and methodical consideration of relevance, and an intelligent weighing of potential prejudice against probative value is particularly important in sex cases, where the prejudice potential of prior acts is at its highest.

> Once the accused has been characterized as a person of abnormal bent, driven by biological inclination, it seems relatively easy to arrive at the conclusion that he must be guilty, he could not help but be otherwise.

Slough & Knightly, *Other Vices, Other Crimes,* 41 Iowa L. Rev. 325, 333–34 (1956).

In our opinion, these considerations were not taken into account in the present case, and the evidence of the 1975 assault was improperly admitted.

The evidence of the 1975 assault was admitted for the purpose of showing motive and intent. Implicit in the admission of the evidence are three conclusions: that defendant's motive and intent are facts that are of consequence to the outcome of the case; that evidence of the 1975 assault is relevant to defendant's motive and intent; and that the probative value of the evidence in establishing motive and intent outweighs its prejudicial effect. The only explanation offered by the trial court in support of admitting the evidence is its statement that "the similarity of the facts of the two events are so close that I think that would justify my reaching back almost five years to allow it in." However, the court does not explain how the similarity of the two events bears on the relevance of the first assault to defendant's motive or intent in the latter. Nor does it explain the reason motive or intent is of consequence to the outcome of a case, when the fact of intercourse is admitted by defendant and the only issue is whether the victim consented.

We note that some jurisdictions appear ready to admit evidence of prior rapes or attempted rapes to prove intent or motive. *See* Annot., 2 A.L.R.4th 330, § 3[b] (1980). Usually, in these jurisdictions, intent or motive is only one of a catalog of matters for which the evidence is admissible. *Goins v. State,* 245 Ga. 62, 262 S.E.2d 818 (1980) (evidence admissible to show intent, motive, plan, scheme, and bent of mind); *Thomas v. State,* 234 Ga. 635, 217 S.E.2d 152 (1975) (evidence admissible to show intent, motive, plan, scheme, bent of mind of the accused, and lack of consent of victim); *State v. Hampton,* 215 Kan. 907, 529 P.2d 127 (1974) (evidence admissible to show intent and plan of operation); *Rhine v. State,* 336 P.2d 913 (Okla. Crim. App. 1958) (evidence admissible to show scheme or plan, and motive or intent). Some cases approve the admission of evidence to show intent alone, *e.g., Colbert v. State,* 149 Ga. App. 266, 253 S.E.2d 882 (1979), or to show intent or motive, *e.g., State v. Smith,* 216 Kan. 265, 530 P.2d 1215 (1975).

These cases lack any analysis of the issue and do little more than pay lip service to the great potential for prejudice inherent in evidence of prior sexual offenses. They have been criticized as using motive and intent as "magic passwords whose mere incantation will open wide the courtroom doors to whatever evidence may be offered in their names." *United States v. Goodwin,* 492 F.2d 1141, 1155 (5th Cir. 1974). Slough and Knightly, in the article cited in the comment to ER 404(b), criticized the readiness of courts of 30 years ago to admit evidence of prior crimes, wrongs, or acts in sex cases.

> When deciding the issue of guilt or innocence in sex cases, where prejudice has reached its loftiest peak, our courts have been most liberal in announcing and fostering a nebulous exception, offering scant attention to inherent possibilities of prejudice. Just when protection is most needed, the rules collapse.

41 Iowa L. Rev. at 334. We consider this criticism as valid now as when it was written, and refuse to allow evidence of

prior crimes, wrongs or acts to be admitted without a careful consideration of relevance and a realistic balancing of its probativeness against its potential for prejudice.

We turn first to consider the possible relevance of the 1975 assault to defendant's motive. "Motive" was not defined for the jury but we have defined the word to mean "[a]n inducement, or that which leads or tempts the mind to indulge a criminal act." Black's Law Dictionary 1164 (4th rev. ed. 1968), quoted in *State v. Tharp*, 96 Wn.2d 591, 597, 637 P.2d 961 (1981). It is by no means clear how an assault on a woman could be a motive or inducement for defendant's rape of a different woman almost 5 years later. No explanation of the logical relevance of the evidence to motive was offered by the trial court, the Court of Appeals, or the State, in its argument to this court. In the absence of such an explanation, the evidence seems to achieve no more than to show a general propensity to rape, precisely forbidden by ER 404(b). Even had the evidence of the 1975 assault been logically relevant to motive, its probative value in this case would be slight. The only issue was whether the victim consented to intercourse with defendant; in the present case, defendant's motive was irrelevant to this issue. On the other hand, the prejudicial effect of evidence of a prior attempted rape is significant. The prejudicial effect of the evidence clearly outweighed whatever slight probative value it might have had on the issue of motive.

Similar reasoning leads us to conclude that evidence of the 1975 assault should not have been admitted to show intent. In appropriate cases, evidence of prior crimes may be relevant to the issue of intent. A leading treatise explains that "the prior doing of other similar acts, whether clearly a part of a scheme or not, is useful as reducing the possibility that the act in question was done with innocent intent." (Footnote omitted.) 2 J. Wigmore, *Evidence* § 302, at 245 (rev. 1979). Thus, in a charge of assault with intent to commit rape, Wigmore acknowledges that "former acts of the kind are relevant to negative the intent as being of any other kind than to commit rape." 2 J. Wigmore § 357,

at 334. *See, e.g., Calaway v. United States,* 408 A.2d 1220 (D.C. 1979). *Umbaugh v. State,* 250 Ark. 50, 463 S.W.2d 634 (1971). However, the treatise goes on to point out:

> Where the charge is of *rape,* the doing of the act being disputed, it is perhaps still theoretically possible that the intent should be in issue; but practically, if the act is proved, there can be no real question as to intent; and therefore the intent principle has no necessary application.

2 J. Wigmore § 357, at 334.

The Supreme Court of California uses similar reasoning in *People v. Kelley,* 66 Cal. 2d 232, 242–43, 424 P.2d 947, 57 Cal. Rptr. 363 (1967).

> It is not and should not be the law . . . that defendant's not guilty plea places his intent in issue so that proof of sex offenses with others is *always* admissible. Such evidence is admissible in cases where the proof of defendant's intent is ambiguous, as when he admits the acts and denies the necessary intent because of mistake or accident. . . . But where the acts, if committed, indisputably show an evil intent and the defendant does not specifically raise the issue of intent, the better reasoned cases hold that evidence of other crimes is admissible only when they were performed with the prosecuting witness . . . or where the offenses are not too remote and are similar to the offense charged and are committed with persons similar to the prosecuting witness. Then they are admissible as showing a common scheme or plan.

There is no issue of intent in the case before us. Defendant admitted having intercourse with the victim. He does not specifically raise an issue of intent. Therefore, intent was not an "essential point which the state was required to establish" in this case. *State v. Goebel,* 40 Wn.2d 18, 22, 240 P.2d 251 (1952). Evidence of the prior assault should not have been admitted for the purpose of showing intent.

Because the evidence did not satisfy the test of relevance to intent, balancing probativeness against potential for prejudice was an empty gesture. If evidence of the prior assault is not relevant, it is inadmissible, no matter how

similar to the offense charged.

We hold that evidence of the 1975 assault should not have been admitted to show motive or intent, and remand for a new trial.

BRACHTENBACH, C.J., and STAFFORD, UTTER, DOLLIVER, and WILLIAMS, JJ., concur.

ROSELLINI and DIMMICK, JJ., dissent.

DORE, J. (dissenting)—The majority contends there is no issue of intent in the subject case. Intent, like motive, plan and design, does not have to be an element of the crime in order for evidence to be admissible under ER 404(b) in a proper case. Saltarelli *affirmatively* placed his intent in issue when he testified that he had engaged in sexual intercourse with the victim, but that it was consensual. The court instructed the jury on intent as follows: "A person acts with intent or intentionally when acting with the objective or purpose to accomplish a result which constitutes a crime". Instruction 11. Thus, intent was at issue in the present case.

I am persuaded by the reasoning of jurisdictions which have admitted evidence of prior sexual assaults where a defendant affirmatively raises the defensive theory of consent to a rape charge. *See, e.g., Rubio v. State,* 607 S.W.2d 498 (Tex. Crim. App. 1980); *People v. Jackson,* 110 Cal. App. 3d 560, 167 Cal. Rptr. 915 (1980); *People v. Pendleton,* 25 Cal. 3d 371, 599 P.2d 649, 158 Cal. Rptr. 343 (1979); *People v. Enriquez,* 42 Colo. App. 309, 597 P.2d 1048 (1979); *Williams v. State,* 95 Nev. 830, 603 P.2d 694 (1979); *Davis v. State,* 635 P.2d 481, 485 (Alaska Ct. App. 1981); *State v. Smith,* 216 Kan. 265, 530 P.2d 1215 (1975).

The California Court of Appeals analyzed the issue as follows in *Jackson,* at page 566:

Defendant's trial theory, that the victim had consented to the sexual acts, was tantamount to a denial that he had intended to achieve oral copulation and sexual intercourse by force or intimidation. Evidence of prior offenses was thus admissible to establish defendant's intent in

the present offense by corroborating the victim's testimony that she had not consented to the sex acts, so long as those prior offenses were not too remote and were similar to the offense charged.

As the Alaska Supreme Court stated in *Freeman v. State,* 486 P.2d 967, 978 (Alaska 1971):

> Within the context of a sex related offense, the classic example of proper use of prior misconduct as proof of intent is where the accused admits the act charged, but claims to have had a benign intent.

In the *Freeman* case, the defendant acknowledged touching a child but asserted his innocent intent. Although the *Freeman* court ultimately concluded Jimmy Freeman had failed to advance the defense of lack of intent, the reasoning of the court is persuasive in the context of the present case.

The evidence of the prior attempted rape was properly admitted for the purpose of proving Saltarelli's likelihood to threaten and use force in sexual encounters where the victim did not consent. This evidence is relevant to his intent to use force in the present case. The facts of the rape here, and the previous attempted rape, are sufficiently similar to pass the test of relevancy under ER 404(b). In both cases, the victims were clerks in retail stores and the defendant was a customer who kept returning to the store until the victim consented to go out with him. On dates with each victim, the defendant boasted of his prowess as a karate expert and then raped or attempted to rape the victim. The defendant then threatened "to get" each victim if she complained to the police.

The evidence regarding the prior attempted rape also relates to Saltarelli's motive in the present case, which is relevant to the requisite element of nonconsent before the jury. "Motive" has been defined by this court as "An inducement, or that which leads or tempts the mind to indulge a criminal act". Black's Law Dictionary (4th rev. ed. 1968), quoted in *State v. Tharp,* 96 Wn.2d 591, 596–97, 637 P.2d 961 (1981). Here, the admitted evidence is proba-

tive of Saltarelli's general hostility toward women, which relates to his motive in the subsequent attack. Additionally, the evidence goes toward showing that Saltarelli, having had some success with the use of forcible compulsion in the past, may have had a reason for using it again.

The balancing of the relevancy and desirability of the evidence against its prejudicial effect is within the discretion of the trial court. *State v. Adams,* 76 Wn.2d 650, 458 P.2d 558 (1969). Judicial discretion has not been abused unless the reviewing court concludes no reasonable person would take the view of the trial court. *State v. Johnson,* 56 Wn.2d 700, 355 P.2d 13 (1960).

In deciding to admit the evidence of the prior attempted rape, the trial court stated:

> The court having read the statement of [the witness] reciting an episode that took place on the 24th day of January, 1975, and the Court finds that the recitation of those statements seem to have a pattern similar to the episode that is before us in this action.
>
> The Court will rule that the rule of evidence, Rule No. 404, seems to authorize the admissibility on the basis of the similarity of facts, and also allowed it to be used for the purposes as the State intends to use it, for a determination of credibility, motive and intent, but I think you argued modus operandi, but I don't think that is part of the rule. Up to that point, the Court has no trouble in admitting the testimony.
>
> The point of strain comes where you are looking at events that are almost five years old. However, because of the similarity of the pattern, and of the cases cited by the State, I am going to deny the motion in limine.
>
> I am doing it because I think the similarity of the facts of the two events are so close that I think that would justify my reaching back almost five years to allow it in. It might be reversible error in doing so, but I think that because of the facts, I will allow it.

Report of Proceedings II, at 241–42. This is precisely the "conscious determination" a trial court must make in balancing the necessity of admission of evidence against its possible prejudicial effect, under *Tharp,* at 597.

The trial court further limited the use of the evidence by

instructing the jury as follows:

> Anthony Michael Saltarelli is not on trial for any act or conduct not alleged in the information. Any testimony received by you regarding prior acts by the defendant is not to be used in determining whether the defendant is guilty or not guilty of the offense now charged. *You are instructed that such evidence is to be used only insofar as it reflects upon the defendant's motives or intent.*

(Italics mine.) Instruction 12.

## CONCLUSION

Intent and motive are relevant to the element of nonconsent which was the primary issue before the jury. The trial court did not abuse its discretion in determining that the probative value of the other attempted rape outweighed its possible prejudicial effect, as the balancing process of the court in the record reflects. Additionally, the court mitigated the damaging effects the evidence might have by its limiting instruction.

For these reasons, I would affirm the trial court and the Court of Appeals.