[No. 8562-3-II.   Division Two.   December 15, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. JOE CHAVEZ RAMIREZ, *Appellant.*

*Douglas D. Sulkosky* and *Kramer & Sulkosky,* for appellant (appointed counsel for appeal).

*William H. Griffies, Prosecuting Attorney,* and *Barbara L. Corey–Boulet, Deputy,* for respondent.

REED, J.—The defendant, Joe Chavez Ramirez, appeals a jury verdict of guilty on one count of indecent liberties. We reverse and remand for a new trial.

Ramirez was charged with two counts of indecent liberties in violation of RCW 9A.44.100. Both before trial and at the close of the prosecution's case, the defense moved to sever counts 1 and 2. Both motions were denied.

Count 1 refers to an incident in August of 1983, when Ramirez allegedly fondled Christie, an 8–year–old friend of Ramirez's son, at a drive–in movie. Christie did not tell anyone about this until February of 1984. In the interim, she continued to play at the Ramirez home.

Count 2 refers to an incident in January of 1984, when Ramirez allegedly fondled Nikkoleen, another of his son's playmates, in the bedroom of the Ramirez home. Nikkoleen told her mother about this incident as she was going to bed that night.

A reliability hearing was held outside the presence of the jury during which the court heard testimony from Nikkoleen's mother as to what Nikkoleen had told her that evening. The court ruled that the hearsay testimony of the mother was admissible, both as an excited utterance and pursuant to RCW 9A.44.120, the child sex abuse hearsay exception statute. The same testimony was offered to the jury without further objection by defense counsel.

After the State rested, the defense moved to dismiss both counts for failure to prove a prima facie case. That motion was denied. The defense presented its case, which consisted of a general denial by Ramirez that he had ever touched the "sexual or intimate parts" of either girl. RCW 9A.44-.100.

The court instructed the jury that it must decide each count separately, as if it were a separate trial. The jury returned verdicts of not guilty as to count 1, and guilty as to count 2—the touching of Nikkoleen. From that verdict Ramirez now appeals.

Ramirez assigns error to the trial court's refusal to grant his motion to dismiss at the close of the State's case for failure of the State to prove a prima facie case. He argues that the State failed to prove that he touched Nikkoleen for purposes of sexual gratification as required by RCW 9A.44.100(2). Ramirez cannot now challenge the failure to grant his motion to dismiss because he elected to present evidence on his own behalf after the motion was denied. *State v. Allan,* 88 Wn.2d 394, 562 P.2d 632 (1977).

Even if we were to treat his assignment of error as a challenge to the sufficiency of the evidence as a whole, *State v. Hobart,* 34 Wn. App. 187, 659 P.2d 557, *review denied,* 99 Wn.2d 1017 (1983), we would conclude that there was sufficient evidence for any rational trier of fact to

find that Ramirez touched Nikkoleen for the purpose of sexual gratification. *State v. Green,* 94 Wn.2d 216, 616 P.2d 628 (1980). Where an adult unrelated male, with no caretaking function, is proven to have touched the "sexual or intimate parts" of a little girl, RCW 9A.44.100, the jury may infer from that proof that the touching was for the purpose of sexual gratification.

Nevertheless, Ramirez must be granted a new trial because the court erred when it denied Ramirez's motion to sever the counts and to order separate trials.

Because these offenses are of the same or similar character, CrR 4.3(a)(1) authorizes joinder. Ours is a liberal joinder rule and if counts are otherwise properly joined, a refusal to sever will be reversed only for a manifest abuse of discretion. *State v. Harris,* 36 Wn. App. 746, 677 P.2d 202 (1984). However, joinder must not be used in such a way as to prejudice a defendant. If the defendant can demonstrate substantial prejudice, the trial court's failure to sever is an abuse of discretion. *State v. Hentz,* 32 Wn. App. 186, 647 P.2d 39 (1982), *rev'd on other grounds,* 99 Wn.2d 538 (1983). Moreover, our courts have recognized that joinder is inherently prejudicial. *State v. Smith,* 74 Wn.2d 744, 446 P.2d 571 (1968), *vacated in part,* 408 U.S. 934 (1972). In *State v. Harris, supra,* because of the inherently prejudicial nature of joinder, where the prejudice–mitigating factor that evidence of each crime would be admissible in a separate trial for the other is absent, we held it was an abuse of discretion to deny a defendant's timely motion to sever. *Harris,* 36 Wn. App. at 752.

In this case that prejudice–mitigating factor is absent. Evidence that the defendant had fondled Christie would not be admissible to prove indecent liberties against Nikkoleen in a separate trial on that charge. That evidence would be admissible only if it were logically relevant to a material issue before the jury, and if its probative value outweighed its potential for prejudice. *State v. Saltarelli,* 98 Wn.2d 358, 655 P.2d 697 (1982); *State v. Goebel,* 40 Wn.2d 18, 240 P.2d 251 (1952).

The State argues that the evidence would be admissible to show intent and absence of mistake or accident. ER 404(b). Neither of these elements, however, was a material issue before the jury.

The State claims that the evidence that the defendant had fondled another little girl would be relevant to show that any touching of the instant victim was done for the purpose of gratifying sexual desire. Because this purpose is an element of the crime charged, the prosecution asserts that any evidence relevant to this purpose is necessary to prove a material issue before the jury, and thus satisfies the first threshold of *Goebel.* The State's argument must fail, because this is a case where the mere doing of the act conclusively demonstrates the accompanying criminal intent. Here, once the act of touching is proven, it follows that the defendant touched for purposes of sexual gratification.

If Ramirez did not deny touching the sexual or intimate parts of the victim, but rather admitted the touching while claiming it was for a purpose other than his sexual gratification, evidence of other indecent liberties would be relevant to the issue of his intent. Here, to the contrary, because the intent follows from the act itself, intent is not a material issue, and evidence of other misconduct asserted to prove his intent is inadmissible under the first prong of *State v. Goebel, supra. See* Comment, *Admission of Evidence of Other Misconduct in Washington To Prove Intent or Absence of Mistake or Accident: The Logical Inconsistencies of Evidence Rule 404(b),* 61 Wash. L. Rev. 1213 (1986).

In short, the jury would certainly be within its province to infer that any touching was for the purpose of gratifying sexual desire without the State resorting to evidence that creates strongly the impression of a general propensity for pedophilia. This falls squarely within the lesson of *State v. Saltarelli, supra,* that an intelligent application of ER 404(b) is particularly important in sex cases, where the prejudice potential of prior acts is at its highest. *Saltarelli,* 98 Wn.2d at 363.

Nor is absence of mistake or accident a material issue in this case. The State was simply not required to rebut any claim of accident or mistake, because no such claim was asserted by the defendant. Evidence of other misconduct that the State offers to prove absence of mistake or accident must directly negate such a defense. *State v. Jackson*, 102 Wn.2d 689, 689 P.2d 76 (1984). It is never a material issue unless first raised by the defendant. *State v. Harris*, *supra*. Comment, 61 Wash. L. Rev. 1213, *supra*.

When questioned whether he touched Christie at the drive–in movie Ramirez responded, "If you mean as to the charges here, no. I did—I couldn't help it. She was bouncing around in the car all over the place." In response to whether he had ever touched Nikkoleen while watching television Ramirez responded: "Well, I couldn't help it. The little girl is right there, and I believe I touched her head and I put my arm around her . . ."

On the basis of these responses, the State asserts that absence of accident is a material issue. This ignores the requirement that, to be material, the evidence offered must go to the basis of the charge. *State v. Jackson, supra.* The basis of the charge is sexual contact as defined in the statute. An admission by the defendant that he had nonsexual contact by mistake or accident is simply not a defense that requires negating, and, therefore, does not render other misconduct evidence admissible.

Thus, because proof of one count could not have been adduced at a separate trial for the other, it was error to deny defendant's timely motion to sever. Here, the jury may well have cumulated the evidence of the crimes charged and found guilt, when if the evidence had been considered separately, it may not have so found. *See Drew v. United States*, 331 F.2d 85, 88 (D.C. Cir. 1964). And, despite the acquittal on count 1, the jury may have used the evidence presented to prove count 1 to infer a criminal disposition on the part of Ramirez, from which was found his guilt of count 2. *Drew v. United States; State v. Harris*, 36 Wn. App. at 750. Ramirez must be granted a new trial.

Finally, because it may arise on retrial, we must address Ramirez's challenge to the admission of Nikkoleen's hearsay statements in the testimony of her mother. The trial court admitted these statements under the excited utterance exception and pursuant to the child victim's hearsay statute, RCW 9A.44.120.

Initially, we can dispose of the State's argument that the defendant has waived any objection to the admission of this evidence by his failure to object as the testimony was offered to the jury. The State relies on *State v. Wilson,* 29 Wn. App. 895 (1981) for the proposition that a ruling made outside the jury's presence is similar to a ruling on a motion in limine and is tentative in nature. Therefore, the State asserts, an objection contemporaneous to the admission of evidence is needed to preserve the issue for appellate review.

However, this ignores the fact that when the ruling admitting this evidence was entered after the reliability hearing, the defendant specifically preserved a standing objection to this evidence. Moreover, the State misconstrues the applicable rule. The rule is that unless the trial court indicates further objections are required when making its ruling, its decision is final and the party losing the motion in limine has a standing objection. *State v. Kelly,* 102 Wn.2d 188, 685 P.2d 564 (1984). Further, the court's ruling here was not advisory or tentative, and the predicate for the ruling was not hypothetical. To the contrary, the ruling was made after a full reliability hearing, in which the court heard the same testimony that was offered to the jury. For all of these reasons, defendant's objection to this evidentiary ruling was not waived. The ruling was not in error, however.

We cannot agree with the trial court that Nikkoleen's statements to her mother qualify as excited utterances, and are therefore admissible. However, this testimony is admissible under the hearsay exception statute, RCW 9A.44.120.

The principal elements of the excited utterance exception are a startling event and a spontaneous declara-

tion caused by that event. ER 803(a)(2); *Beck v. Dye,* 200 Wash. 1, 9–10, 92 P.2d 1113, 127 A.L.R. 1022 (1939). The crucial question is whether the statement was made while the declarant was still under the influence of the event to the extent that his statement could not be the result of fabrication, intervening actions, or the exercise of choice or judgment. *Johnston v. Ohls,* 76 Wn.2d 398, 457 P.2d 194 (1969).

Here, the startling event occurred at approximately 3 o'clock in the afternoon. Nikkoleen made the declaration to her mother that evening as she was going to bed, at about 8 o'clock. Clearly, 5 hours is adequate time for the child to reflect on the event, and thereby defeat the exception.

We recognize that there is much authority in child sex abuse cases that this amount of time does not defeat the "spontaneous declaration" element of the exception. *See, e.g., State v. Woodward,* 32 Wn. App. 204, 646 P.2d 135 (1982); *State v. Bouchard,* 31 Wn. App. 381, 639 P.2d 761 (1982); *State v. Bloomstrom,* 12 Wn. App. 416, 529 P.2d 1124 (1974); *State v. Canida,* 4 Wn. App. 275, 480 P.2d 800 (1971). However, the Washington courts need no longer resort to an overly broad construction of the excited utterance exception in child abuse cases. The Legislature has provided us with a statutory hearsay exception which is designed to meet the special evidentiary problems inherent in cases of child sexual abuse. *See* Comment, *Sexual Abuse of Children—Washington's New Hearsay Exception,* 58 Wash. L. Rev. 813 (1983).

Under the new exception, courts are no longer required to search for spontaneity or an excited state if other equally strong indicia of reliability are present. Comment, 58 Wash. L. Rev. 813, *supra.* Thus, the trial court need not have relied on those cases that were decided before the statute's enactment. The better reasoned course is to rely on the statute. By relying on the statute, instead of a strained interpretation of the excited utterance exception, we can begin to reinstate the integrity of the "spontaneous declaration" element of the excited utterance exception in cases

not involving child abuse.

RCW 9A.44.120 provides:

Admissibility of child's statement — Conditions. A statement made by a child when under the age of ten describing any act of sexual contact performed with or on the child by another, not otherwise admissible by statute or court rule, is admissible in evidence in dependency proceedings under Title 13 RCW and criminal proceedings in the courts of the state of Washington if:

(1) The court finds, in a hearing conducted outside the presence of the jury, that the time, content, and circumstances of the statement provide sufficient indicia of reliability; and

(2) The child either:

(a) Testifies at the proceedings; or

(b) Is unavailable as a witness: *Provided,* That when the child is unavailable as a witness, such statement may be admitted only if there is corroborative evidence of the act.

Here, because Nikkoleen testified, the only question is whether the trial court abused its discretion when it found that the time, content, and circumstances of Nikkoleen's statements to her mother provide sufficient indicia of reliability. The answer is found in the factors outlined in *State v. Ryan,* 103 Wn.2d 165, 175–76, 691 P.2d 197 (1984). Applying those factors we find that, on balance, there were sufficient indicia of reliability.

Although Nikkoleen's statements were made only to her mother, and contained express assertions about past facts, the remaining factors militate toward admissibility. There was no apparent motive for Nikkoleen to lie; rather, she had enjoyed a friendly relationship with the defendant before the incident. Her general character was that of an 8–year–old child who was competent to testify and who understood the concept of truth. Nikkoleen's revelations to her mother were not made in response to questioning by her mother. Her mother had no prior suspicion that any abuse had occurred, thus her mother was not predisposed to confirm what she already suspected. *See State v. Ryan,* 103 Wn.2d at 176. The child's availability to testify and be

cross–examined obviates concerns as to her lack of knowledge or faulty recollection. Finally, there is no reason to suppose that Nikkoleen misrepresented the defendant's involvement. The trial court properly admitted Nikkoleen's statements pursuant to RCW 9A.44.120.

Reversed and remanded for a new trial.

WORSWICK, C.J., and ALEXANDER, J., concur.

Reconsideration denied January 9, 1987.