# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | ) |
| | ) No. 70132-1-I |
| Respondent, | ) |
| | ) DIVISION ONE |
| v. | ) |
| | ) UNPUBLISHED OPINION |
| TOM JOHN CHUOL, | ) |
| | ) |
| Appellant. | ) FILED: September 29, 2014 |
| | ) |

LEACH, J. — Tom John Chuol appeals his conviction for felony harassment under 9A.46.020(1) and (2)(b). Chuol challenges the trial court's refusal to include, in a limiting instruction about ER 404(b) evidence, a statement expressly prohibiting the use of this evidence to show Chuol's propensity to commit criminal acts. For the first time on appeal, Chuol also claims that with the limiting instruction, the judge commented on the evidence in violation of article 4, section 16 of the Washington Constitution. Chuol further claims that the trial court allowed a witness to testify about Chuol's veracity. Finally, Chuol claims that the combined effect of these asserted errors warrants a new trial.

The trial court's limiting instruction accurately stated the law. Because Chuol fails to show manifest error, we do not review his judicial comment claim. The testimony challenged as a prohibited opinion about Chuol's veracity did not directly address Chuol's credibility. We affirm.

FACTS

The State charged Tom Chuol with felony harassment (count I) and threats to bomb or injure property (count II) after Tracy Robinson reported that Chuol had threatened her and fellow employees.

Chuol and Robinson worked together at Swedish Hospital. Robinson testified that during a carpool ride with Chuol on July 20, 2012, Chuol was very angry and said that he wanted to take a bomb and blow up her, their co-workers, and the hospital. Robinson also testified that Chuol said he could kill unspecified people with a gun. Robinson also described an earlier occasion when Chuol said that he did not like Americans or Filipinos, including Frank Perez and Romulo Alejo, two Filipino co-workers.

The following day Robinson told a co-worker and a supervisor about part of Chuol's alleged remarks. The supervisor called the police. Officer Matthew Lilje responded, interviewed Robinson, and arrested Chuol. Robinson did not report the alleged bomb threat until her interview with the police.

Chuol denied being angry during the drive with Robinson, denied any mention of guns or bombs, and denied frustrations with co-workers. He said he had no bad feelings against members of the Filipino community.

At trial, the court admitted certain evidence of Chuol's prior bad acts under ER 404(b). Chuol requested a jury instruction limiting the use of this evidence.

The State submitted proposed instructions for each applicable witness. Chuol unsuccessfully objected to the instructions. He argued that the instructions must expressly instruct jurors that the evidence could not be used to show that Chuol was a "criminal type," had the propensity to commit crimes, and therefore likely committed the charged offenses.

Chuol also objected by e-mail to the limiting instruction included in the State's proposed jury instructions: "Additionally, I request that the my [sic] proposed modification to the state's 'evidence for a limited purpose' be given with the instruction that the court has been giving throughout the trial. The language was provided in my prior email."

The court found the specific language proposed by Chuol unnecessary and instructed the jury:

> Certain evidence has been admitted in this case for only a limited purpose. This evidence consists of the testimony of Romulo Alejo, Franklin Perez, Mark Jupiter, and Rahel Desta [sic]; and portions of the testimony of Tracy Robinson, and Mila Pillar. It may be considered by you only for the purposes of: determining whether Tracy Robinson was in reasonable fear that these threats would be carried out; determining whether the Defendant had motive to make these threats; determining the full context and history surrounding these threats; and determining whether the Defendant could forsee [sic] that these threats would be interpreted as serious threats (as previously instructed by the court during testimony). You may not consider it for any other purpose. Any discussion of the evidence during your deliberations must be consistent with this limitation.

Earlier, the court gave a version of this limiting instruction when witnesses Robinson, Alejo, Perez, Pillar, Jupiter, and Deste testified. The court modified the language in the limiting instruction depending upon the purpose for which it admitted each witness's testimony about prior bad acts.

Officer Lilje arrested Chuol, provided <u>Miranda</u> warnings, and questioned him. During trial, the State asked Lilje why he asked Chuol progressively more specific questions. Defense counsel objected, arguing that the question elicited Lilje's opinion on Chuol's veracity. The court overruled the objection, and Lilje testified, "I continued to ask the question because I felt that the answer I had been given was not complete" and that when he had asked each question, Chuol had responded, "Why would I say that?"

The jury convicted Chuol of felony harassment and acquitted him of the threat to bomb or injure property.

Chuol appeals.

## STANDARD OF REVIEW

This court reviews jury instructions de novo within the context of the jury instructions as a whole.[1] The trial court must give instructions that when read as a whole, properly inform a jury of the law. The instructions must also allow each party to argue the theory of its case and may not mislead the jury. If an

---

[1] <u>State v. Levy</u>, 156 Wn.2d 709, 721, 132 P.3d 1076 (2006) (citing <u>State v. Pirtle</u>, 127 Wn.2d 628, 656, 904 P.2d 245 (1995)).

instruction does not accurately state the applicable law, a party must show prejudice before we grant relief. [2]

Chuol failed to present to the trial court his judicial comment claim. Generally, a failure to present an issue in the trial court waives the right to raise the issue on appeal. RAP 2.5(a)(3) allows a party to raise for the first time on appeal a "manifest error affecting a constitutional right." Thus, a court previews the merits of the constitutional argument first raised on appeal to determine its likely success.[3] If the appealing party fails to show manifest error, this court will not review the issue.[4]

This court reviews a trial court's evidentiary rulings under an abuse of discretion standard.[5] We will find abuse of discretion if no reasonable judge would adopt the same view.[6]

The cumulative error doctrine applies when a combination of trial errors denies the accused a fair trial, though one of the errors alone would not warrant reversal.[7]

---

[2] Anfinson v. FedEx Ground Package Sys., Inc., 159 Wn. App. 35, 44, 244 P.3d 32 (2010), aff'd, 174 Wn.2d 851, 281 P.3d 289 (2012).
[3] State v. Walsh, 143 Wn.2d 1, 8, 17 P.3d 591 (2001).
[4] Walsh, 143 Wn.2d at 8.
[5] State v. Demery, 144 Wn.2d 753, 758, 30 P.3d 1278 (2001).
[6] Demery, 144 Wn.2d at 758; State v. Hager, 171 Wn.2d 151, 156, 248 P.3d 512 (2011).
[7] In re Pers. Restraint of Yates, 177 Wn.2d 1, 65-66, 296 P.3d 872 (2013).

ANALYSIS

Chuol first contends that the trial court erred when it admitted ER 404(b) evidence but rejected his request that it instruct the jury "that the evidence may not be used for the purpose of concluding that the defendant has a particular character and has acted in conformity with that character."[8]

ER 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." A court can admit this evidence when offered to prove motive, intent, or knowledge.[9] When evidence is admissible for one purpose but not another, "the court, upon request, shall restrict the evidence to its proper scope and instruct the jury accordingly."[10] A court must provide the jury with a limiting instruction upon the defendant's request.[11] In the context of ER 404(b) evidence, upon the defendant's request for a limiting instruction, the trial court has a duty to correctly instruct the jury, even when defense counsel fails to propose a correct instruction.[12]

As the sole authority for his position, Chuol quotes State v. Gresham:[13]

---

[8] State v. Gresham, 173 Wn.2d 405, 423-24, 269 P.3d 207 (2012).
[9] ER 404(b).
[10] ER 105; Gresham, 173 Wn.2d at 423.
[11] Gresham, 173 Wn.2d at 423 (citing State v. Foxhoven, 161 Wn.2d 168, 175, 163 P.3d 786 (2007); State v. Saltarelli, 98 Wn.2d 358, 362, 655 P.2d 697 (1982)).
[12] Gresham, 173 Wn.2d at 424.
[13] 173 Wn.2d 405, 423-24, 269 P.3d 207 (2012).

An adequate ER 404(b) limiting instruction must, at a minimum, inform the jury of the purpose for which the evidence is admitted and that the evidence may not be used for the purpose of concluding that the defendant has a particular character and has acted in conformity with that character.

In response, the State notes that this quoted language is dicta because the Gresham court did not decide the language required for a correct limiting instruction. The State also observes that the authority cited in Gresham to support the quotation, State v. Lough,[14] only quoted a limiting instruction in the context of deciding if the trial court properly admitted evidence or the record demonstrated an improper use of it. As in Gresham, in Lough the court did not decide the language required for a correct limiting instruction. Therefore, Gresham and Lough do not require the specific prohibition requested by Chuol.

The State claims that substitution of a specific prohibition against a particular use of evidence for a general prohibition against any use not specifically authorized by the instruction creates a potential for the jury's misuse of the evidence. The jury may think of a use for the evidence not prohibited by the instruction and be misled into thinking it can use it for that purpose. Finally, without citation to any authority, the State asserts,

In light of the many cases approving of the format in which the permissible uses of the 404(b) evidence are explicitly set out and all other uses are prohibited, it cannot be said that the trial

_____

[14] 125 Wn.2d 847, 864, 889 P.2d 487 (1995).

court abused its discretion in choosing the more straightforward language of the WPIC[15] over the wording proposed by Chuol.

We conclude that the trial court did not err by rejecting the form of limiting instruction requested by Chuol. We agree with the State that Gresham and Lough do not hold that the trial court must provide the jury with a list of prohibited uses. We note that the court in Gresham supported its conclusion about the trial court's duty to give a correct instruction with this pronouncement from State v. Goebel:

> "[T]he court should state to the jury whatever it determines is the purpose (or purposes) for which the evidence is admissible; and it should also be the court's duty to give the cautionary instruction that such evidence is to be considered for no other purpose or purposes."[16]

The trial court did exactly that in this case. To date, our Supreme Court has not required more.

Chuol further claims that the trial court's limiting instructions contain judicial comment prohibited by the Washington Constitution. Each limiting instruction referenced "these threats" rather than "the alleged threats." Chuol contends that this communicated to the jury the court's belief that the threats occurred, resolving a critical factual dispute in the prosecution's favor. Because Chuol raises this issue for the first time on appeal, RAP 2.5(a)(3) requires that

---

[15] 11 WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL (3d ed. 2008).

[16] Gresham, 173 Wn.2d at 424 (quoting State v. Goebel, 36 Wn.2d 367, 379, 218 P.2d 300 (1950)).

Chuol show a "manifest error affecting a constitutional right." To do this, Chuol must show that a constitutional error resulted in actual prejudice.[17] For the purposes of our analysis, we assume that the trial court's repetition of "these threats" in its instructions to the jury violated the constitutional prohibition against judicial comment on the evidence.

Chuol does not show prejudice and therefore cannot raise the judicial comment issue for the first time on appeal. Both the felony harassment and the threat to bomb charges required proof of a threat. When the trial court used the language "these threats" in its limiting instructions, the court did not distinguish between the alleged threat to bomb and the alleged threats related to felony harassment.

The jury found Chuol not guilty of the alleged threat to bomb but guilty of the alleged threat to kill involved in the felony harassment charge. The only disputed element of the threat to bomb count was whether Chuol made the threat. The jury's decision reflects a finding that the State failed to prove that Chuol made a threat to bomb and was not affected by the alleged judicial comment. Thus, Chuol does not demonstrate prejudice.

Next, Chuol contends that the trial court allowed Officer Lilje to comment impermissibly on Chuol's veracity when he testified, over objection, that he

---

[17] Walsh, 143 Wn.2d at 8.

"continued to ask the question because [he] felt that the answer [he] had been given was not complete." We disagree.

Generally, a witness may not testify in the form of an opinion about the guilt or veracity of the defendant.[18] This testimony unfairly prejudices the defendant because it invades the province of the jury.[19] Opinion testimony from a police officer raises additional concerns because it "often carries a special aura of reliability."[20] Opinion testimony is proper if it is based on inferences from the evidence, does not comment directly on the defendant's guilt or veracity, and is otherwise helpful to the jury.[21] Here, the witness was a police officer, whose testimony carries an "'aura of reliability.'"[22] However, Lilje's opinion that Chuol's answer to his questions was "incomplete" did not comment directly on Chuol's guilt or veracity. Rather, it explained Lilje's motivation for asking Chuol additional questions. Given Chuol's answers to Lilje's earlier questions, the trial judge could reasonably conclude that Lilje's testimony describing them as incomplete did not comment on Chuol's credibility. The trial court did not err by admitting the testimony.

---

[18] Demery, 144 Wn.2d at 759.
[19] Demery, 144 Wn.2d at 759 (quoting City of Seattle v. Heatley, 70 Wn. App. 573, 577, 854 P.2d 658 (1993)).
[20] State v. Kirkman, 159 Wn.2d 918, 928, 155 P.3d 125 (2007).
[21] Heatley, 70 Wn. App. at 578.
[22] State v. Montgomery, 163 Wn.2d 577, 595, 183 P.3d 267 (2008) (quoting Demery, 144 Wn.2d at 765).

Finally, Chuol alleges that insufficient limiting instructions, judicial comments on the evidence, and improper opinion testimony amount to cumulative error. He contends that "[i]n combination, these errors eased significantly the State's ability to convince jurors it had proved Chuol's guilt while simultaneously impeding Chuol's ability to establish reasonable doubt," denying Chuol his right to a fair trial.

An accumulation of errors may deny a defendant a fair trial even where any one of the errors, viewed individually, may not justify reversal.[23] To establish cumulative error, however, a defendant must show multiple errors that affected the outcome of the trial.[24]

Because Chuol cannot show multiple errors affected the outcome at his trial, we conclude that his cumulative error claim fails.

## CONCLUSION

While we have assumed the trial court impermissibly commented on the evidence in its limiting instructions to the jury, Chuol fails to show any prejudice. As a result, he cannot raise this issue for the first time on appeal. Because the trial court's limiting instructions otherwise correctly stated the law and Officer

---

[23] Yates, 177 Wn.2d at 65-66 (quoting In re Det. of Coe, 175 Wn.2d 482, 515, 286 P.3d 29 (2012)).

[24] State v. Weber, 159 Wn.2d 252, 279, 149 P.3d 646 (2006).

Lilje's testimony did not improperly comment on Chuol's guilt or credibility, Chuol

cannot show that cumulative error affected the outcome of the trial.

For these reasons, we affirm the trial court's ruling.

_____Leach, J._____

WE CONCUR:

_____    _____Cox, J._____