[No. 7217-7-III.   Division Three.   December 9, 1986.]

THE STATE OF WASHINGTON, *Respondent,* v. GARY MORLEY, *Appellant.*

*Gary Morley,* pro se, *Daniel D. Lorello, Thomas Bothwell,* and *Bothwell & Lorello,* for appellant (appointed counsel for appeal).

*Jeffrey C. Sullivan, Prosecuting Attorney,* and *Michael G. McCarthy, Deputy,* for respondent.

THOMPSON, J.—Mr. Morley was convicted of second degree rape. He appeals the conviction. We affirm.

The complaining witness, Ms. S., told police that Mr. Morley offered her a ride, then drove her to a remote cabin, threatened to harm her, and forced her to have intercourse with him. For a short time prior to this incident, Ms. S. had been staying in the home of Mr. Morley and his fiancee. Mr. Morley was charged with one count of second degree rape.

Mr. Morley contended at trial sexual intercourse was in exchange for $20 requested by Ms. S. Conversely, the victim stated intercourse was not consensual and force was threatened.

Mr. Morley sought to admit evidence of Ms. S's prior sexual conduct and certain statements. The testimony of Walter Johnson that Ms. S. had offered sex for money was ruled admissible. However, the offered testimony of Mr. Morley's fiancee that Ms. S. had told her of prior prostitution and of trouble with her boyfriend was found inadmis-

sible under *State v. Hudlow,* 99 Wn.2d 1, 659 P.2d 514 (1983) and RCW 9A.44.020, Washington's rape shield statute.

On cross examination the prosecutor asked Mr. Morley if he had used certain aliases in the past. A defense objection was sustained. At Mr. Morley's sentencing, he challenged the use of a 1977 Texas burglary conviction to enhance his presumptive sentence. His challenge was denied and he was sentenced to two consecutive 40–month terms for the second degree rape and for violating his probation on a prior second degree assault.

On appeal, Mr. Morley raises five issues, three of them pro se, regarding: (1) the exclusion of evidence at trial under the rape shield statute; (2) the use of a Texas conviction to enhance the presumptive sentence under the sentencing reform act (SRA); (3) the trial court's failure to articulate factors regarding the admission or exclusion of defendant's prior convictions; (4) the reference to aliases; and (5) the elicitation by defense counsel of prior acts of misconduct by defendant in violation of ER 404(b).

The first issue is whether the trial court improperly relied upon the rape shield statute, RCW 9A.44.020(3), in excluding evidence that the complaining witness had previously obtained money as a prostitute, and thereby denied Mr. Morley his Sixth Amendment and Const. art. 1, § 22 (amend. 10) right to present testimony in his own defense.

*State v. Hudlow, supra,* construed the predecessor of our current rape shield statute, former RCW 9.79.150(3), now recodified as RCW 9A.44.020(3). In *Hudlow,* the court examined the three factors necessary before evidence of prior sexual conduct will overcome the exclusionary force of the shield law: (1) it must be relevant; (2) its probative value must substantially outweigh the probability that its admission will create a substantial danger of undue prejudice; and (3) its exclusion will result in denial of substantial justice to the defendant. *Hudlow,* at 7.

As to relevancy, the court emphasized that evidence of consensual sex with others in the past, without more, does

not meet the bare relevancy requirement of ER 401. The court required a "particularized factual showing" of similarity between the prior consensual sex acts and the acts in question claimed by defendant to be consensual. But even if such similarity is shown, probative value must also substantially outweigh the danger of undue prejudice. *Hudlow*, at 11. The prejudice focused on is to the fact–finding process itself, *i.e.*, whether the introduction of evidence of the victim's past sexual history may confuse the issues, mislead the jury, or cause the case to be decided on an improper or emotional basis. The trial court must also consider the effect exclusion of the evidence will have on a defendant's right to a fair trial. This entire process must take into account the potential impact upon the criminal defendant's constitutional rights under the sixth amendment to the United States Constitution and article 1, section 22 under the Washington State Constitution to present testimony in his defense and to confront and cross–examine adverse witnesses.

Here, the evidence offered concerns purported instances of prior sexual conduct contained in Ms. S.'s hearsay statements to Mr. Morley's fiancee. The statements were to the effect that she had been following her boyfriend around the country. He would leave her and she would try to catch up with him. She allegedly said she resorted to prostitution to raise money for the trips. At trial, the court ruled on this proffered testimony and also that of Walter Johnson wherein Mr. Johnson said he had given Ms. S. a ride shortly before the incident at issue here, and she had offered him and the driver sex in exchange for $40. The court ruled, as to the testimony of Mr. Morley's fiancee:

> I don't believe that they are sufficient enough to overcome either the relevancy test or the probative value under the *Hudlow* case and that there is no similarity between the acts or sufficient similarity to make them relevant and there's no indication of time.

With regard to the Johnson testimony, the court found it relevant since it was factually similar and, because of the

relationship between the time of the statement (soliciting sex for money from Johnson) and the time of the alleged rape, the probative value outweighed any prejudice to the truthfinding process.

▓ Admission of evidence of prior sexual history is within the sound discretion of the trial court. *Hudlow*, at 17; *State v. Blum*, 17 Wn. App. 37, 46, 561 P.2d 226 (1977). Balancing probative value against prejudice is also a matter within the trial court's discretion and the decision should be overturned only if no reasonable person could have taken the view adopted by the trial court. *Hudlow*, at 18; *Blum*, at 56; *State v. Kalamarski*, 27 Wn. App. 787, 789, 620 P.2d 1017 (1980). Here, it cannot be said the trial court abused its discretion, especially in light of the admission of Mr. Johnson's testimony; defendant had ample opportunity to present his theory. The jury chose not to believe it.

As to the defendant's Sixth Amendment and article 1, section 22 constitutional rights, since the evidence was not relevant, or at best minimally relevant, the State's compelling interest in barring inflammatory and distracting evidence, preventing acquittal based on prejudice against the victim's past sex life, and encouraging rape victims to report crime clearly carries the necessary weight here. No constitutional violation occurred.

▓ The second issue is whether using Mr. Morley's Texas burglary conviction as criminal history to determine sentencing range was error. Mr. Morley contends the State must prove the constitutional validity of prior convictions before counting them in an offender score for SRA sentencing. His arguments are nearly identical to those raised in *State v. Ammons*, 105 Wn.2d 175, 713 P.2d 719, 718 P.2d 796 (1986). There, it was held the State does not have the affirmative burden of proving the constitutional validity of a prior conviction before use in an SRA proceeding. Absent an affirmative showing by Mr. Morley of facial invalidity, a direct attack is the defendant's recourse. The State met its burden under *Ammons*.

Pro se, Mr. Morley raises the issue of whether the trial

court erred in failing to state on the record factors favoring admission or exclusion of prior conviction evidence.

At defendant's omnibus and suppression hearing, the court inquired whether the prosecutor intended to produce any evidence of prior misconduct or convictions. The prosecutor said he did not. Later, the court, defense attorney and prosecutor discussed introduction of a prior conviction. The prosecutor stated it was not admissible on the issue of knowledge or intent as a prior bad act and probably not admissible for impeachment. Defense counsel was satisfied and the court said: "I would suggest your caution is warranted". Defendant asserts this colloquy failed the *State v. Jones,* 101 Wn.2d 113, 122, 677 P.2d 131 (1984) rule that the court state for the record reasons for exercising discretion under ER 609(a)(1) to admit or exclude prior convictions. However, Mr. Morley took the stand and testified fully as to his version of the facts. No prior convictions were introduced to impeach his testimony. In this case, the rationale for ER 609(a)(1) balancing on the record does not apply; the defendant's right to testify in his own defense was not threatened or impaired. Thus, no *Jones* error occurred.

A further issue raised by Mr. Morley is whether the prosecutor committed reversible error when he attempted to question Mr. Morley about "other names" or aliases without first making an offer of proof to introduce defendant's prior arrests under other names.

At trial, on cross examination of Mr. Morley, the prosecutor asked the defendant his name and then asked whether he had in the past used the names James Alvin Mulligan, Thomas Lynn Joyce, or Thomas Paul Joyce. Defense counsel objected and the objection was sustained. Mr. Morley maintains this improperly brought in evidence of prior arrests because the jury could not help but notice the prosecutor was reading the names from a "rap sheet".

Assuming *admission* of the alias testimony would have been improper, *see State v. Smith,* 55 Wn.2d 482, 484, 348 P.2d 417 (1960); *State v. Rose,* 17 Wn. App. 308, 563

P.2d 1266 (1977), the asking of the question was not prejudicial here. Not all references to aliases are prejudicial as a matter of law. *Rose,* at 314–15. In *Smith,* relied upon by Mr. Morley, the jury had the aliases on the cover sheet of the jury instructions and on the verdict forms submitted to the jury. Such reinforcement of any negative inferences, directly impacting a defendant's fair trial rights, are not present on the facts of this case.

In addition, prosecutorial misconduct requires reversal only where there is a substantial likelihood that the comments affected the verdict. *State v. Reed,* 102 Wn.2d 140, 684 P.2d 699 (1984); *State v. Wood,* 44 Wn. App. 139, 145, 721 P.2d 541 (1986); *State v. Traweek,* 43 Wn. App. 99, 108, 715 P.2d 1148 (1986). In light of the evidence presented, and the context of the arguably improper question, there is no likelihood the comments affected the verdict.

Finally, Mr. Morley raises the issue of whether introduction of testimony by the State's witness concerning his prior acts of misconduct, elicited by defense counsel questioning, requires reversal. The testimony concerned an incident during which Mr. Morley was alleged to have slapped his girl friend.

No objection or motion to strike was made at trial. In fact, it appears defense counsel had a tactical reason to elicit the testimony. An appellate court may decline to even review an argument, under RAP 2.5, where not raised at trial, unless the error is of constitutional magnitude. While improper introduction of evidence of prior convictions under ER 609 is of constitutional magnitude, *State v. Jones, supra,* "[e]videntiary errors under ER 404 are not of constitutional magnitude". *State v. Jackson,* 102 Wn.2d 689, 695, 689 P.2d 76 (1984).

Given the innocuous nature of the purported ER 404 error, and the failure to object at trial, we decline review.

Affirmed.

McINTURFF, A.C.J., and MUNSON, J., concur.