**NOTICE:   SLIP OPINION**
**(not the court's final written decision)**

The opinion that begins on the next page is a slip opinion.  Slip opinions are the written opinions that are originally filed by the court.

A slip opinion is not necessarily the court's final written decision.  Slip opinions can be changed by subsequent court orders.  For example, a court may issue an order making substantive changes to a slip opinion or publishing for precedential purposes a previously "unpublished" opinion.  Additionally, nonsubstantive edits (for style, grammar, citation, format, punctuation, etc.) are made before the opinions that have precedential value are published in the official reports of court decisions: the Washington Reports 2d and the Washington Appellate Reports.  An opinion in the official reports replaces the slip opinion as the official opinion of the court.

**The slip opinion that begins on the next page is for a published opinion, and it has since been revised for publication in the printed official reports.**  The official text of the court's opinion is found in the advance sheets and the bound volumes of the official reports.  Also, an electronic version (intended to mirror the language found in the official reports) of the revised opinion can be found, free of charge, at this website: https://www.lexisnexis.com/clients/wareports.

For more information about precedential (published) opinions, nonprecedential (unpublished) opinions, slip opinions, and the official reports, see https://www.courts.wa.gov/opinions and the information that is linked there.

**FILED**
**APRIL 6, 2023**
In the Office of the Clerk of Court
WA State Court of Appeals, Division III

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 38180-3-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER LEE MCCABE, | ) | PUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

STAAB, J. — Christopher McCabe appeals from his convictions of first degree trafficking in stolen property, third degree theft, and bail jumping. He argues that the trial court abused its discretion in denying his motion to sever his charge for possession of a controlled substance from his trafficking and theft charges. He also argues that defense counsel was deficient for failing to request a jury instruction for the affirmative defense of uncontrollable circumstances with regard to the bail jumping charge.

We hold that renewal of a motion to sever made before any evidence is either proffered or introduced is insufficient to preserve the issue for appeal. Even if we review the trial court's decision for abuse of discretion, we consider only the information known to the court at the time of its ruling. We reject McCabe's attempt to show prejudice by pointing to circumstances not yet known to the trial court at the time of the renewed

No. 38180-3-III
*State v. McCabe*

motion.  While the trial court failed to evaluate the proper factors on the record, we find any error was harmless.

We also reject McCabe's claim that his trial attorney was ineffective for failing to request a jury instruction on the affirmative defense of uncontrollable circumstances for the bail jumping charge.  Since the evidence did not support giving the instruction, the attorney's performance was not deficient for failing to request the instruction.

We affirm McCabe's convictions.

## BACKGROUND

McCabe entered a Home Depot and exited with four buckets of paint without paying.  He left the premises but returned about fifteen minutes later with his girlfriend.  He put two of the stolen paint buckets into a shopping cart and gave the cart to his girlfriend.  His girlfriend went into the store and returned the two buckets.

The same day, Home Depot determined the returned cans of paint had never been sold.  The store's video footage showed McCabe loading the paint into his cart and then leaving the store without paying for it.  Home Depot reported the theft to crime check.

Ten days later, a police officer stopped McCabe while he was driving because his vehicle's registration had expired.  During the stop, the officer learned of the Home Depot incident and arrested McCabe.

McCabe was taken to jail where officials conducted a search of his person.  During this search, officials recovered what appeared to be methamphetamine.

2

No. 38180-3-III
*State v. McCabe*

The State charged McCabe with first degree trafficking in stolen property, third degree theft, and possession of a controlled substance.

During pretrial proceedings, McCabe was released on bail conditioned on him reporting to all future court dates. After McCabe failed to appear for a hearing, the trial court authorized a warrant for his arrest. As a result, the State amended the information to include a charge for bail jumping.

Prior to trial, defense counsel moved to sever the possession of a controlled substance charge from the trafficking and theft charges.[1] The trial court held oral argument on the motion. McCabe raised three arguments with regard to severance. First, he argued joinder would allow the jury to draw impermissible propensity inferences and that the actions were separate courses of conduct. Second, McCabe pointed out that facts from the possession charge would not be admissible in the trafficking and theft case absent joinder. Third, he argued that the risk of substantial prejudice outweighed the concern for judicial economy because the State's evidence for the trafficking charge was inadequate as it was "not beyond a reasonable doubt." Rep. of Proc. (RP) (July 18, 2019) at 7.

The trial court denied defense counsel's motion, determining that there was not substantial prejudice that outweighed the judicial economy consideration:

---

[1] The bail jumping charge was not a part of the motion to sever as McCabe had not yet been charged with bail jumping when defense counsel brought the motion.

3

No. 38180-3-III
*State v. McCabe*

> Case law is further instructive, and ultimately what the Court must do, as counsel has indicated, is determine whether the prejudice to the defendant outweighs the concern for judicial economy. *Ramirez*,[2] cited to by the defense, and *Bythrow*[3] cited to by the prosecution, are both instructive and point the Court to looking at substantial prejudice. Certainly, there may be prejudice to the defendant but the question for the Court is whether it is substantial and whether it outweighs judicial economy.
>
> . . . .
>
> The Court is ruling in the same matter as the *Bythrow* case, finding that there's not been a demonstration of substantial prejudice to the defendant that would outweigh the consideration of judicial economy based upon the Court's reasoning in that case.

RP (July 18, 2019) at 17-18.

Defense counsel renewed the motion to sever on the first day of trial during the motions in limine but prior to voir dire. Defense counsel stated that he was simply renewing the motion to preserve the issue. The trial court informed defense counsel that it was not going to change its ruling.

During his opening statement, defense counsel admitted that McCabe had been in possession of a controlled substance at the time of his arrest.

One police officer, along with the officer who arrested McCabe, provided testimony related to the possession charge along with the theft and trafficking charges. A detective from the police department also offered testimony pertinent to both the

---

[2] *State v. Ramirez*, 46 Wn. App. 223, 730 P.2d 98 (1986).
[3] *State v. Bythrow*, 114 Wn.2d 713, 790 P.2d 154 (1990).

4

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38180-3-III
*State v. McCabe*

possession and bail jumping charges. Two individuals, a forensic scientist for the Washington State Patrol Crime Laboratory and a police officer offered testimony solely related to the possession charge.

McCabe testified in his own defense. He explained that he maintained rental properties and had gone to Home Depot to purchase paint. McCabe said he purchased the paint and then left the store with the receipt in his hand. When McCabe returned home, he realized he had accidentally purchased exterior paint instead of interior paint.

After realizing his mistake, McCabe testified that he returned to the store with his girlfriend. When he got there, he realized he had forgotten his wallet, and he knew he needed a receipt or identification to return an item. His girlfriend was in a hurry, so he asked her to go in and exchange the paint for interior paint. Instead of exchanging the paint, his girlfriend returned it for in-store credit. McCabe claimed that he only returned two of the buckets because he was in a rush and thought he might be able to use the other two later.

In response to a question from defense counsel, McCabe admitted during his testimony that he had been in possession of methamphetamine at the time of his arrest. Defense counsel also elicited testimony from McCabe that he had previously sought treatment for drug use.

In regard to the bail jumping charge, McCabe maintained that he was in court on the date that he had been accused of failing to appear. He said that he had arrived late

5

No. 38180-3-III
*State v. McCabe*

because he and his girlfriend were "at minor emergency on 29th." RP (July 23, 2019) at 273. When he finally arrived, the only person in the courtroom was the clerk. On cross-examination, McCabe insisted he had shown up for his hearing, he had just been late.

After McCabe testified, the prosecutor informed the trial court that the methamphetamine had been lost in transport and therefore the State was not going to be able to present it as evidence. Upon learning of this, defense counsel moved to dismiss the possession of a controlled substance charge based on insufficient evidence. The trial court granted the motion and dismissed the possession charge and then informed the jury that the charge would not be submitted for deliberation.

Defense counsel did not request any affirmative defense instructions. The trial court instructed the jury that it must consider each charge separately:

> A separate crime is charged in each count. You must decide each count separately. Your verdict on one count should not control your verdict on any other count.

Clerk's Papers at 98.

The jury found McCabe guilty of third degree theft, first degree trafficking in stolen property, and bail jumping.

McCabe appeals.

6

No. 38180-3-III
*State v. McCabe*

ANALYSIS

SEVERANCE

McCabe argues that the trial court abused its discretion in denying his motion to sever because it applied the wrong legal standard. The State contends that McCabe's renewal of the motion on the first day of trial was insufficient to preserve the issue for appeal. Alternatively, the State argues that the trial court did not abuse its discretion. We conclude that McCabe's renewal of his motion to sever before the introduction of any evidence, and without proffering any anticipated evidence, failed to preserve the issue. Even considering the merits of his motion to sever, McCabe's contentions on appeal demonstrate why the timely renewal of a motion to sever is critical.

"The law does not favor separate trials." *State v. Huynh*, 175 Wn. App. 896, 908, 307 P.3d 788 (2013). However, upon motion of a defendant, the trial court shall grant severance if the trial court "determines that severance will promote a fair determination of the defendant's guilt or innocence of each offense." CrR 4.4(b). The defendant bears the burden of showing severance is necessary. *State v. Emery*, 174 Wn.2d 741, 752, 278 P.3d 653 (2012).

"If a defendant's pretrial motion for severance was overruled he may renew the motion . . . before or at the close of all the evidence." CrR 4.4(a)(2). A defendant waives the severance issue if he or she fails to properly renew their motion at trial. *Id.*; *State v. McDaniel*, 155 Wn. App. 829, 859, 230 P.3d 245 (2010) (determining that defendants'

7

No. 38180-3-III
*State v. McCabe*

failure to renew their motions to sever before or at the close of the evidence resulted in waiver of the issue on appeal).

Renewing a motion "before or at the close of all the evidence" does not mean renewing it before the admission of *any* evidence. When a court considers a pretrial motion to sever, it is generally considering the potential for prejudice. The purpose behind the requirement for renewal is to give the court an opportunity to assess whether there is actual prejudice based on the evidence presented or proffered. 5 WAYNE R. LAFAVE ET AL., CRIMINAL PROCEDURE § 17.3(d) at 58 (4th ed. 2015). For this reason, renewal of a motion to sever during motions in limine, before any evidence has been submitted or proffered, fails to preserve the issue for appeal. *McDaniel*, 155 Wn. App. at 859. McCabe's arguments on appeal pertaining to his motion to sever demonstrate why the timing of renewal is relevant.

A trial court's denial of a motion to sever is reviewed for a manifest abuse of discretion. *State v. Bryant*, 89 Wn. App. 857, 864, 950 P.2d 1004 (1998). Where a trial court abuses its discretion in denying a motion to sever, we reverse only if the defendant can show that he or she was prejudiced by the decision. *Emery*, 174 Wn.2d at 754-56.

A trial court must consider the following factors to determine whether the potential for prejudice necessitates severance:

> "(1) the strength of the State's evidence on each count; (2) the clarity of defenses as to each count; (3) court instructions to the jury to consider each

No. 38180-3-III
*State v. McCabe*

> count separately; and (4) the admissibility of evidence of the other charges
> even if not joined for trial."

*State v. Slater*, 197 Wn.2d 660, 677, 486 P.3d 873 (2021) (quoting *State v. Russell*, 125 Wn.2d 24, 63, 882 P.2d 747 (1994). The trial court must also weigh prejudice to the defendant against the need for judicial economy. *Slater*, 197 Wn.2d at 677.

McCabe asserts that the trial court abused its discretion by failing to conduct a complete analysis of the prejudice to McCabe on the record. Our Supreme Court explained in *State v. Bluford*, "[a]s in other contexts where trial courts are asked to exercise discretion, a court considering a pretrial joinder motion should conduct its analysis on the record to ensure that its 'exercise of discretion was based upon a careful and thoughtful consideration of the issue.'" 188 Wn.2d 298, 310, 393 P.3d 1219 (2017) (quoting *State v. Smith*, 106 Wn.2d 772, 776, 725 P.2d 951 (1986)).

The trial court's decision on the issue did not include an analysis of the four factors referred to above. Thus, we agree that the trial court failed to properly analyze the relevant standard on the record. However, McCabe must still show he was prejudiced by the trial court's denial of his motion. *See Emery*, 174 Wn.2d at 754-56. We consider the factors listed above from the perspective of the trial court in determining whether denying the motion to sever resulted in prejudice.

In support of his argument that the denial of his motion to sever was prejudicial, McCabe points to information that was not yet known to the trial court at the time it

9

No. 38180-3-III
*State v. McCabe*

considered McCabe's renewed motion. With regard to the first factor, the strength of the State's evidence on each count, McCabe contends that the strength of the evidence for the possession charge bolstered the weaker charges of theft, trafficking, and bail jumping, and points to his trial testimony to support this argument. Addressing the second factor, clarity of defenses for each charge, McCabe argues prejudice is shown because he admitted the possession charge while raising a general denial of the theft and trafficking charge.

Neither McCabe's testimony nor his admission was known or proffered to the court at the time it considered McCabe's renewed motion to sever. "[A] judge cannot abuse his or her discretion based on facts that do not yet exist." *Bluford*, 188 Wn.2d at 310. Because this information was not known by the trial court when it ruled on severance, it is not relevant to our review for prejudice.

As to the third factor, instructions to the jury, McCabe now argues that the trial court should have instructed the jury to disregard the evidence relating to the possession charge after it dismissed the possession charge. However, McCabe never proposed such an instruction, and as the trial court did instruct the jury that it must consider each charge separately, there was no error. *Russell*, 125 Wn.2d at 66 (determining there was no error where defendant claimed on appeal that trial court should have provided additional instruction to jury regarding deciding charges separately because trial court properly instructed jury on the law). We presume the jury followed this instruction as there is

10

No. 38180-3-III
*State v. McCabe*

nothing indicating it did not. *See State v. Kalebaugh*, 183 Wn.2d 578, 586, 355 P.3d 253 (2015) ("Jurors are presumed to follow the court's instructions.").

The fourth factor is cross-admissibility of evidence. McCabe claims that the evidence related to the possession charge would not have been admissible in a trial for the other charges and vice versa. He claims that he was prejudiced because several witnesses testified regarding the possession charge and the State also presented forensic evidence supporting the charge. However, the mere fact that evidence supporting the possession charge would not have been admissible in a trial for theft and trafficking is insufficient to show that the trial court erred in denying severance. The burden is on McCabe to point to specific prejudice. *See Bythrow*, 114 Wn.2d at 720-21. Other than broadly claiming that the admission of evidence of the possession charge prejudiced him, McCabe has made no argument for prejudice. He does not explain how the evidence supporting the possession charge resulted in prejudice to him in regard to the other charges.

Finally, we must weigh prejudice to the defendant caused by joinder against the need for judicial economy. McCabe broadly asserts that joinder here did not serve judicial economy but fails to actually analyze the issue. Joinder here served judicial economy because there was one trial instead of two. Additionally, because the drugs that were the subject of the possession charge were found on McCabe's person during a search incident to his arrest for theft and trafficking, it is likely that some of the same

11

No. 38180-3-III
*State v. McCabe*

witnesses would have had to testify at both trials. In fact, two of the witnesses who testified with regard to the possession charge also provided testimony related to other charges. Thus, the need for judicial economy outweighs any prejudice to McCabe.

The posture of this case demonstrates how the timely renewal of the motion to sever would have changed the information available to the trial court in considering McCabe's motion to sever. Even if counsel had proffered anticipated evidence in support of a motion to sever, it would have given the trial court an opportunity to consider any actual prejudice. This was not done. In light of the information before the court when it decided McCabe's motion to sever and the renewal of this motion, the trial court did not abuse its discretion.

INEFFECTIVE ASSISTANCE OF COUNSEL

McCabe argues that his trial attorney was ineffective for failing to request a jury instruction on the uncontrollable circumstances affirmative defense to bail jumping. We disagree.

Criminal defendants have a constitutionally guaranteed right to effective assistance of counsel. U.S. CONST. amend. VI; WASH. CONST. art. I, § 22; *State v. Lopez*, 190 Wn.2d 104, 115, 410 P.3d 1117 (2018). A claim of ineffective assistance of counsel is an issue of constitutional magnitude that may be considered for the first time on appeal. *State v. Nichols*, 161 Wn.2d 1, 9, 162 P.3d 1122 (2007). Claims of ineffective assistance

No. 38180-3-III
*State v. McCabe*

of counsel are reviewed de novo. *State v. White*, 80 Wn. App. 406, 410, 907 P.2d 310

(1995).

A defendant bears the burden of showing (1) that defense counsel's performance

fell below an objective standard of reasonableness based on consideration of all the

circumstances and, if so, (2) that there is a reasonable probability that but for counsel's

poor performance, the outcome of the proceedings would have been different. *State v.*

*McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). If either element is not

satisfied, the inquiry ends. *State v. Kyllo*, 166 Wn.2d 856, 862, 215 P.3d 177 (2009).

In reviewing the record for deficiencies, there is a strong presumption that

counsel's performance was reasonable. *McFarland*, 127 Wn.2d at 335. The burden is on

a defendant alleging ineffective assistance of counsel to show deficient representation.

*McFarland*, 127 Wn.2d at 335. "The reasonableness of counsel's performance is to be

evaluated from counsel's perspective at the time of the alleged error and in light of all the

circumstances." *Kimmelman v. Morrison*, 477 U.S. 365, 384, 106 S. Ct. 2574, 91 L. Ed.

2d 305 (1986). "When counsel's conduct can be characterized as legitimate trial strategy

or tactics, performance is not deficient." *Kyllo*, 166 Wn.2d at 863.

Even if we find that the performance was deficient, a defendant must affirmatively

prove prejudice. *State v. Thomas*, 109 Wn.2d 222, 225-26, 743 P.2d 816 (1987). This

requires more than simply showing "the errors had some conceivable effect on the

outcome." *Strickland v. Washington*, 466 U.S. 668, 693, 104 S. Ct. 2052, 80 L. Ed. 2d

13

No. 38180-3-III
*State v. McCabe*

674 (1984). A defendant demonstrates prejudice by demonstrating that "the proceeding[s] would have been different but for counsel's deficient representation." *McFarland*, 127 Wn.2d at 337. If a defendant fails to satisfy either prong, a court need not inquire further. *Strickland*, 466 U.S. at 697.

Washington law criminalizes a defendant's failure to appear when that person has been released on bail and knew they were required to appear. Former RCW 9A.76.170(1) (2001). However, it provides an affirmative defense if the defendant can demonstrate they did not appear due to "uncontrollable circumstances." Former RCW 9A.76.170(2) (2001). To establish the uncontrollable circumstances defense, a defendant must prove that the circumstances prevented the defendant "from appearing or surrendering" and that the defendant "did not contribute to the creation of such circumstances in reckless disregard of the requirement to appear or surrender." *Id*. The law defines uncontrollable circumstances as:

> an act of nature such as a flood, earthquake, or fire, or a medical condition that requires immediate hospitalization or treatment, or an act of a human being such as an automobile accident or threats of death, forcible sexual attack, or substantial bodily injury in the immediate future for which there is no time for a complaint to the authorities and no time or opportunity to resort to the courts.

RCW 9A.76.010(4). To be entitled to an affirmative defense jury instruction, a defendant is required to offer "some evidence on each prong" of the defense. *State v. Arbogast*, 199 Wn.2d 356, 381, 506 P.3d 1238 (2022).

14

For the current opinion, go to https://www.lexisnexis.com/clients/wareports/.

No. 38180-3-III
*State v. McCabe*

Defense counsel was not deficient for failing to request a jury instruction on the affirmative defense of uncontrollable circumstances because there was insufficient evidence to support such an instruction. McCabe testified that he did not appear in court because he and his girlfriend were "at minor emergency on 29th." RP (July 23, 2019) at 273. Otherwise, he did not offer any specifics and did not testify that either he or his girlfriend were experiencing a medical emergency.

Defense counsel's decision not to request the instruction and to instead rely on a general denial defense was consistent with McCabe's testimony that he had attended the hearing, he had just arrived late. The tactical decision by defense counsel not to request the defense can be characterized as a reasonable trial strategy.

McCabe's vague statement of being at minor emergency was insufficient to entitle him to a jury instruction on the uncontrollable circumstances affirmative defense. Additionally, defense counsel's decision not to request the instruction was likely tactical. Accordingly, defense counsel was not deficient for deciding not to request it and McCabe fails to demonstrate that his trial attorney was constitutionally ineffective.

Affirmed.

_____
Staab, J.

WE CONCUR:

_____          _____
Fearing, C.J.                                          Siddoway, J.

15